IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 06-0426-WS-C |
| ) | |
| THE RESIDENCE AND REAL PROPERTY ) | |
| LOCATED AT 24227 GULF BAY ROAD, ) | |
| etc., et al., ) | |
| ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion for writ of entry. (Doc. 2). The purpose of the writ is to allow the plaintiff to inspect, inventory and appraise the defendant properties. The plaintiff asserts that issuance of such a writ is authorized by 18 U.S.C. §§ 983(j)(1) and 985(b)(2) and by 19 U.S.C. § 1606. The Court considers each in turn.

"For purposes of this section, the provisions of the customs laws relating to the seizure, summary and judicial forfeiture, condemnation of property for violation of the customs laws ...(19 U.S.C. 1602 et seq.), insofar as they are applicable and not inconsistent with the provisions of this section, shall apply to seizures and forfeitures incurred ...under this section ...." 18 U.S.C. § 981(d). Those customs laws provide, in pertinent part, that "[t]he appropriate customs officer shall determine the domestic value, at the time and place of appraisement, of any vessel, vehicle, aircraft, merchandise, or baggage seized under the customs laws." 19 U.S.C. § 1606. On its face, Section 1606 applies only where there has been a seizure.

But there has been no seizure in this case. The plaintiff asserts that it is proceeding under 18 U.S.C. § 985(c)(1), which provides for commencing a civil forfeiture of real property by filing a complaint for forfeiture, posting a notice of the complaint on the property, and serving notice on the property owner, along with a copy of the complaint. These procedures do not accomplish a seizure. *See id*. § 985(b)(1)(A)("Except as provided in this section ... real property that is the subject of a civil forfeiture action shall not be seized before entry of an order of forfeiture ...."); *see also id*. § 985(d)(providing that "[r]eal property may be seized prior to the

entry of an order of forfeiture" in certain circumstances not present or urged here).

Section 1606 contemplates only an appraisal of personalty already seized by the government, obviating a writ of entry. It thus provides no authorization for a writ of entry into realty that has not been seized.

Section 983(j)(1), which applies to civil forfeiture proceedings, authorizes a court to "appoint appraisers ... or take any other action to ... secure, maintain, or preserve the availability of property subject to civil forfeiture." While the section does not expressly mention writs of entry, such writs may be important in protecting the government's incipient interest in the property, including without limitation by creating a disincentive for owners to harm, or skim fixtures from, the property. *See generally* 18 U.S.C. § 2232(a)(making it a felony to knowingly damage or waste property subject to forfeiture). Section 985(b)(2)'s provision that "the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection" confirms that Congress contemplated the use of Section 983(j) for this purpose.

Remaining for consideration are the circumstances under which the Court may issue such a writ. Section 983(j)(1) establishes different requirements for entry of orders depending on whether the order comes "upon [or after] the filing of a civil forfeiture complaint" or before. In the latter situation, the plaintiff must show a substantial probability of prevailing on the issue of forfeiture and a similar probability that failure to enter the order will result in destruction, removal or other unavailability of the property, which risk outweighs the hardship imposed on any party. 18 U.S.C. § 983(j)(1)(B). Moreover, this showing must follow notice to, and an opportunity to be heard by, persons appearing to have an interest in the property. *Id*. The statute imposes none of these requirements if the order is issued after the complaint is filed. *Id*. § 985(j)(1)(A).

Here, the plaintiff has filed its complaint, but it acknowledges that it has neither posted notice of the complaint on the property nor served notice and a copy of the complaint on the owners. (Doc. 2, Exhibit 1 at 3). A sister court has concluded that the requirements of Section 983(j)(1)(B) apply in such a situation. *United States v. Real Property*, 379 F. Supp. 2d 1058, 1062-64 (D. Ariz. 2005). As reasonable as it might appear to provide a property owner notice of a civil forfeiture action before showing up on his doorstep with a writ of entry to inspect and

appraise the property, the language of Section 983(j)(1) appears unambiguously not to require such notice so long as the writ issues after the complaint is filed.  This Court, of course, is not empowered to interpret an unambiguous statute other than as it is written.  *See also United States v. Melrose East Subdivision*, 357 F.3d 493, 498-99 (5th Cir. 2004)(no pre-restraint hearing is required under subsection (j)(1)(A) when a restraining order is "requested contemporaneously with the filing of the forfeiture complaint").

For the reasons set forth above, the plaintiff's motion for writ of entry is **granted**.

DONE and ORDERED this 25th day of July, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
